UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-08-GFVT

CHARLES HITZEMAN,                                                                           PLAINTIFF,

V.

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

PERRY COUNTY REGIONAL JAIL, et al.,                                           DEFENDANTS.

*** *** *** ***

This is a *pro se* civil rights action in which Plaintiff asserts claims under 42 U.S.C. § 1983 [R. 5]. The named defendants in the action are Richard Dillon, Deputy Jailer at the Perry County Regional Jail, in his individual capacity, and DeWayne Harris, Deputy Jailer at the Perry County Regional Jail, in his individual capacity.[1] The Defendants now bring before the Court a motion for summary judgment [R. 34] and the matter is before the undersigned upon referral from the presiding judge to prepare proposed findings of fact and recommendations on any dispositive motions [R. 13].

For the reasons discussed below, it is recommended that Defendants' motion is DENIED WITHOUT PREJUDICE as inadequate with leave to re-file with proper citations to the record.

**I. FACTUAL BACKGROUND**

Plaintiff Charles Hitzeman has alleged in his Complaint that on January 3, 2008, Defendant DeWayne Harris, under the direction of Defendant Richard Dillon, removed him from a safe low population cell and moved him into a general population cell where Plaintiff was beaten and

---

[1] In his complaint, Plaintiff initially asserted claims for money damages against Perry County Regional Jail, but this defendant was dismissed from suit under the Monell doctrine [R. 5].

sustained bodily injuries [R. 2]. At the time of the incident, Plaintiff was an inmate and Defendants were Deputy Jailers at the Perry County Regional Jail ("PCRJ").

Upon his arrival at PCRJ, Plaintiff was placed into an isolation cell where he remained for about six months. He was later relocated into another low population cell in November 2007. In January 2008, Plaintiff was involved in a confrontation with another inmate in his cell. Subsequently, he was advised by Defendant Harris and another officer,[2] allegedly at the request of Defendant Dillon, that he would be moved to a general population cell [R. 2]. Plaintiff claims that he advised Defendant Harris that if he is placed into the general population cell, he would be "jumped" [beaten] by other inmates [R. 2, 5].[3]

According to Plaintiff, Defendants moved him to the general population cell knowing that he would be assaulted by other inmates [R. 2, 5].[4] After Defendants left Mr. Hitzeman in the general population cell, he was allegedly attacked by other inmates and sustained severe injuries [R. 2]. When the beating stopped, Plaintiff was taken out of the general population cell and moved back to the less populated cell by the Defendants.

Before the Court now is the Defendants' Motion for Summary Judgment [R. 34]. First, Defendants claim that they are entitled to summary judgment on the Eighth Amendment claim because Plaintiff failed to allege that Defendants possessed the requisite knowledge and culpable state of mind needed to establish a constitutional violation. [R. 34-2]. Alternatively, Defendants

---

[2] Officer 'Kevin' who is not a party to this action.

[3] Defendant Dillon apparently refused to discuss the moving situation with Plaintiff [R. 2].

[4] Plaintiff stated in his complaint that Nurse Phillips apparently tried to talk to Defendant Dillon regarding Plaintiff's fear of being moved to the general population cell. She also allegedly told Plaintiff that she was "sorry and told [Harris and Kevin] that they were wrong." [R. 2]. Also in his complaint, Plaintiff alleged that Defendant Harris heard the other inmates state several times that when Hitzeman is moved, "he can get whats [sic] coming to him." [Id.]

argue that they are entitled to qualified immunity because no Eighth Amendment violation has been established for purposes of the § 1983 claim; or because the action taken by defendants was reasonable [Id.]. Aside from citing an Order entered by this court [R. 5] and Plaintiff's complaint [R. 2], Defendants' motion is not supported by any other materials.

Likewise, Plaintiff's response to Defendants' motion [R. 36] is supported by nothing other than the initial claims stated in his complaint. For instance, Plaintiff states that "defendants had full knowledge" that he would be assaulted if moved and "prior knowledge of [sic] other assaults happening once a person . . . was placed into the general population;" but the pleading provides no reference to other materials in support of Plaintiff's response to Defendants' motion [R. 36].

In turn, Defendants' reply to Plaintiff's response [R. 37] is equally void of citations to materials outside of the pleadings. The reply adequately restates the pertinent law, but is unsupported otherwise. Being fully briefed, the motions are now ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010).[5] Under the language of the revised rule, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the records, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine

---

[5]Several changes to Rule 56 of the Federal Rules of Civil Procedure became effective December 1, 2010 (absent contrary Congressional action). The rule was revised "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." 2010 Amendments to Fed. R. Civ. P. 56. As such, the standard articulated in the case law remains unchanged. Id.

dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).[6]

When ruling on a motion for summary judgment, the court "views the factual evidence and draws all reasonable inferences in favor of the non-moving party." B.F. Goodrich v. U.S. Filter Corp., 245 F.3d 587, 591 - 592 (6th Cir. 2001); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587- 88 (1986). The burden, however, is on the movant to show that no genuine issue of material fact exists. Fed. R. Civ. P. 56(a) (2010).

In order "[t]o prevail, the non-movant must show sufficient evidence to create a genuine issue of material fact." U.S. Filter Corp., 245 F.3d at 592. See also Celotex Corp. v. Catrett, 47 U.S. 317, 324 (1986). A factual issue "is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hendrick v. W. Reserve Care Sys., 355 F.3d 444, 451 (6th Cir.2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). This means that "the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." Sutherland v. Mich. Dep't of Treasury, 344 F.3d 603, 613 (6th Cir. 2003) (citing Anderson, 477 U.S. at 251).

### III. DISCUSSION

The motion for summary judgment submitted by Defendants [R. 34-2] is not properly supported as mandated by Rule 56 of the Federal Rules of Civil Procedure. The rule specifically requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of *materials in the record*[.]" Fed. R. Civ. P. 56(c)(1)

---

[6] This part of the rule is new, but does not change the practice of the rule prior to the amendment. Id.

(emphasis added). The case law cited above is not to the contrary. As such, Defendants must reference something other than the pleadings alone to present a proper motion for summary judgment before the court.

The Rules of Civil Procedure provide guidance when a motion for summary judgment is not adequately supported. See Fed. R. Civ. P. 56(e). In pertinent part, Rule 56(e) states that if "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; . . . or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e). The Notes addressing the 2010 Amendment as to Section (e)(1) explain that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements." Likewise, the Notes provide that Section (e)(4) is designed "to encourage proper presentation of the record."

Moreover, the record (or lack thereof) relied upon in this case is improper for disposing of issues in a summary fashion and more appropriate for a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c). Summary judgment is proper for consideration "after adequate time for discovery" to develop materials in the record. Celotex, 477 U.S. at 322. To support a motion for summary judgment, an adequate record must include, for example: depositions, affidavits, admissions on file, or responses to interrogatories. Id. at 323. As such, the most logical solution is to provide the parties an opportunity to "properly support or address" the facts in their respective motions. Fed. R. Civ. P. 56(e).

Finally, it should be noted that per this court's initial scheduling order [R. 13], the parties requested that the pre trial conference be set for a time in February, 2011 [R. 20; R. 33], but no order

has been issued. A trial date has not been set in this matter either. [Id.] As such, denying Defendants' motion without prejudice and allowing them an opportunity to re-submit it with proper citations would not result in any undue delay or prejudice to either party.

Therefore, Defendants' motion for summary judgment should be denied based on inadequacy with leave to amend with proper citations to any materials or records by whatever date the court deems proper.

### IV. CONCLUSION

For the reasons discussed, IT IS HEREBY RECOMMENDED that Defendants' Motion for Summary Judgment [R. 34] is DENIED WITHOUT PREJUDICE with leave to amend.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed January 21, 2011.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge